IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES A. PALUCH, JR.,** : | CIVIL ACTION |
| **Plaintiff,** : | |
| v. : | No. **1:11-cv-739** |
| : | in the M.D.Pa. |
| **SYLVIA H. RAMBO, UNITED STATES** | |
| **DISTRICT JUDGE,** | |
| **Defendant.** | |

Goldberg, J.                                                                    August 22, 2011

## MEMORANDUM OPINION

Plaintiff generally alleges that the Honorable Sylvia Rambo violated his civil rights when she presided over two civil cases in the Middle District of Pennsylvania. Judge Rambo has moved to dismiss the above-captioned action based upon judicial immunity. For reasons discussed below, the motion will be granted.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an inmate presently confined in the State Correctional Institution at Smithfield, Huntingdon, Pennsylvania. Plaintiff initiated this action on October 14, 2010, in the Court of Common Pleas of Dauphin County, Pennsylvania. A default was entered against Judge Rambo on April 18, 2011, by the Dauphin County Court of Common Pleas Prothonotary. Judge Rambo, through her counsel, removed this case to the Middle District of Pennsylvania on April 19, 2011, and thereafter, challenged the validity of the default judgment due to the lack of personal service of the complaint. The default judgment was set aside on May 13, 2011, and Judge Rambo filed the instant motion to dismiss on May 20, 2011.

Plaintiffs claims against Judge Rambo stem from two civil rights actions, <u>Paluch, Jr. v. Dawson, et al.</u>, No. 1:06-cv-1751, and <u>Paluch, Jr. v. Beard, et al.</u>, No. 1:09-cv-1522, he filed in the United States District Court for the Middle District of Pennsylvania. Judge Rambo was assigned to those cases and both appear to relate to events from 2004 involving an alleged assault against Plaintiff by a former cell mate. The 2006 suit is still pending,' while the 2009 suit was dismissed on November 24, 2009, pursuant to 28 U.S.C. §1915. (Def.'s Memo., p. 2.) Plaintiff alleges that Judge Rambo violated his civil rights when she severed the trial for one of the defendant's in the 1:06-cv-1751 case, from the trial for the other defendants in that case. Plaintiff also alleges that Judge Rambo violated his civil rights by failing to protect the confidential portions of his medical and mental health records and in denying him access to his mail and legal materials. (Compl., ¶¶ 11-33.)

## II.    STANDARD OF REVIEW

When ruling on a motion to dismiss, a court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. <u>Semerenko v. Cendant Corp.</u>, 223 F.3d 165, 173 (3d Cir. 2000). A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984). However, a plaintiff must provide more than a formulaic recitation of a claim's elements that amounts to mere labels and conclusions. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[1] On February 11, 2011, Judge Rambo, pursuant to Canon 3C(1) of the Code of Conduct for United States Judge, recused herself from this action.

face."' Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570).

On a motion to dismiss, a pro se complaint is held to a less stringent standard than a formal pleading drafted by lawyers, and it should be dismissed only if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of [their] claim." Olaniyi v. Alex Cab Co., 239 Fed.Appx. 698,699 (3d Cir. 2007) (citing McDowell v. Delaware State Police, 88 F.3d 188,189 (3d Cir. 1996)).

## III. DISCUSSION

Judge Rambo seeks dismissal of the claims against her, asserting that she is entitled to judicial immunity and not subject to suit for actions performed in her official capacity.

The United States Supreme Court has long recognized that judges are generally immune from suit under §1983 for money damages arising from their judicial acts. See Mireles v. Waco, 502 U.S. 9 (1991). A judge will only be subject to liability for official acts "when [s]he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349,356-57 (1978). Immunity will not be forfeited because a judge has committed "grave procedural error" or has allegedly acted with "malice or corruption of motive." Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760,769-72 (3d Cir. 2000) (citations omitted). Further, "[d]isagreement with the action taken by the judge, however, does not justify depriving that judge of [her] immunity." Stump, 435 U.S. at 363.

Plaintiffs claims reflect that he disagrees with Judge Rambo's rulings in his civil cases. His allegations that Judge Rambo erred in severing defendants in a trial and/or erred in rulings related to his records are simply insufficient to demonstrate that she acted in the absence of jurisdiction or otherwise exceeded her scope of authority. Therefore, I conclude that Judge Rambo is immune from

suit and that the claims asserted against her must be dismissed.'

IV. **CONCLUSION**

For the foregoing reasons, Defendant's motion is granted. Our Order follows.

---

[2] I note that every federal district has had its share of cases filed by disgruntled litigants striking out in subsequent lawsuits against not only their original adversaries, but also, the presiding judicial officers. The Middle District of Pennsylvania has frequently been called upon to address judicial immunity, and in all instances, the acts complained of were found to be judicial in nature and immune from suit. See Stewart v. Evans, No. 09-1428, 2009 WL 2707540 (M.D. Pa. Aug. 25,2009); Stout v. Naus, No. 09-380,2009 WL 1794989 (M.D. Pa. June 23, 2009); Krankowski v. O'Neil, No. 08-1595,2008 WL 5192384 (M.D. Pa. Dec. 11,2008); Radocesky v. Munley, No. 08-1983,2008 WL 5111913 (M.D. Pa. Dec. 2,2008); Shemonsky v. Thomas, No. 07-1667,2007 WL 2692239 (M.D. Pa. Sept. 12,2007); Egnotovich v. Greenfield Twp. Sewer Auth., No. 05-1818,2006 WL 860681 (M.D. Pa. Apr. 3,2006); Thomas v. Conway, No. 05-1630,2006 WL 140422 (M.D. Pa. Jan. 18,2006); Walker v. Toole, No. 05-2108,2006 WL 127282 (M.D. Pa. Jan. 17,2006); Pino v. Vanaskie, No. 05-1516,2005 WL 2035843 (M.D. Pa. Aug. 24,2005); Shemonsky v. Vanaskie, No. 04-2759,2005 WL 2031140 (M.D. Pa. Aug. 16,2005). (Def.'s Memo., p. 8.)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES A. PALUCH, JR.,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 1:11-cv-739 |
| | : | in the M.D.Pa. |
| **SYLVIA H. RAMBO, UNITED STATES DISTRICT JUDGE,** | : | |
| Defendant. | : | |

## ORDER

**AND NOW,** this 22nd day of August, 2011, upon consideration of "Defendant Sylvia H. Rambo's Motion to Dismiss" (doc. no.19), Plaintiffs response thereto, and for the reasons set forth in the accompanying Memorandum Opinion, it is hereby **ORDERED** that the motion is **GRANTED.**

The Clerk of Court is directed to mark this case **CLOSED.**

BY THE COURT:

/s/ Mitchell S. Goldberg

Mitchell S. Goldberg, J.